UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
JOHN GARDNER,                 )
        Plaintiff,            )
                              )      Civil Action No.
        v.                    )      21-12076-NMG
                              )
HARVARD UNIVERSITY, et al.,   )
        Defendants.           )
                              )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Now before the Court is the complaint of <u>pro se</u> litigant John Gardner against Harvard University ("Harvard"), Harvard University School of Continuing Education ("School of Continuing Education"), the New England Center and Home for Veterans ("NECHV"), and the Boston Housing Authority ("BHA") (Docket Entry No. 1).  The complaint includes a request for immediate injunctive relief.  <u>Id.</u> at 5.  Gardner has also filed a motion for leave to proceed <u>in forma pauperis</u> (Docket Entry No. 3)

For the reasons set forth below, the Court will allow the motion for leave to proceed <u>in forma pauperis</u>, deny the request for immediate injunctive relief, and order Gardner to file an amended complaint.

I.   **Motion for Leave to Proceed in Forma Pauperis**

Upon review of Gardner's motion for leave to proceed in

forma pauperis, the Court concludes that he is unable to pay the

filing fee.  Accordingly, the motion is ALLOWED.

II.   **Review of the Complaint**

Summonses have not issued pending the Court's preliminary

review of the complaint.  Federal law authorizes a federal

district court to dismiss an in forma pauperis complaint sua

sponte if the claims therein are frivolous, malicious, fail to

state a claim on which relief can be granted, or seek monetary

relief against a defendant who is immune from such relief.  See

28 U.S.C. § 1915(e)(2)(B).  In conducting this review, the Court

liberally construes Gardner's complaint because he is proceeding

pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

To state a claim upon which relief can be granted, a

complaint must include "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ.

P. 8(a)(2).  This means that the complaint must provide a

defendant "enough detail to provide a defendant with 'fair

notice of what the . . . claim is and the grounds upon which it

rests,'" Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95,

101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset,

640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in

other words, the statement of the claim "must 'at least set

2

forth minimal facts as to who did what to whom, when, where, and why,'" Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir.  2004)).

When examining the sufficiency of the pleadings, the Court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Twombly, 550 U.S. at 555.  A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Iqbal, 556 U.S. at 678) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").

**A.    The Complaint**

    **1.    Claims Against Harvard and the School of Continuing Education**

Gardner's complaint is divided into two sections.  In the first, he asserts claims against Harvard and its School of Continuing Education.  The thrust of Gardner's allegation against these defendants is that, on January 31, 2019, the School of Continuing Education administratively withdrew Gardner from one of its master's degree program just three hours after Gardner had learned of his acceptance into the same.  Gardner represents that he was informed that the reason for the withdrawal was because a Tanna Wise (whom Gardner later moved to add as a defendant) had filed a complaint of harassment against Gardner.  According to Gardner, Harvard Police denied his numerous requests to obtain a copy of said complaint.  Harvard Police also allegedly threatened Gardner with jail and fines if he contacted Wise.

Invoking the Court's federal question subject matter jurisdiction, Gardner alleges that Harvard and the School of Continuing Education violated his rights under Fourteenth Amendment to the United States Constitution and Title IX.  He also seeks to hold these defendants liable for violating 18 U.S.C. §§ 241, 242, 72, 1001, 1519, and 2261A.  In his request for immediate injunctive relief, he asks the Court to reinstate

him in the program in the School of Continuing Education
graduate program from which he was administratively withdrawn in
2019.

### 2.   Claims Against the New England Center and Home for Veterans and the Boston Housing Authority

According to Gardner, when he was living at the NECHV in
December 2019, a veteran named "Joshua" employed false pretenses
and subterfuge to make Gardner's acquaintance.  Gardner
represents that he had never seen or heard of Joshua at NECHV
prior to that time.  Gardner alleges that certain comments that
Joshua made about specific women (include Tanna Wise) led him to
believe that Joshua was involved in the sex trafficking of these
women.  Gardner claims that NECHV did not take any action when
he shared his concerns about Joshua with the organization.

Gardner represents that he left Boston on February 15, 2020
because he was being harassed by other veterans and he wanted to
return to Wisconsin.  He alleges that he returned to Boston in
July 2020 "to inquire more about the plight of Tanna," after
receiving information that led him to believe that "it was clear
she was a victim of trafficking."  Compl. at 8.

Gardner also alleges that, presumably upon his return to
Boston in July 2020, NECHV informed him that housing would be
available for him in two months.  Instead, "[i]t took ten months
to finally be housed."  Id.  Gardner represents that he stayed

at NECHV while awaiting permanent housing.  He alleges that,
during this time, other veterans at NECHV told Gardner they
would "bring [him] down" and that they were able to gain access
to his emails without his consent.  Id. at 9.  Gardner states
that, "there is a lot of good staff and great people" at NECHV,
but that there were problems with embezzlement and drug dealing
on the organization's premises.  Id.

According to Gardner, when he signed a lease for an
apartment on March 29, 2020, Brian Reeves, the Vice President of
Operations at NECHV, knew that Gardner's unit would be next to a
"problem resident," who played loud music, used methamphetamine,
and engaged in other "harassing behavior."  Id.  Gardner alleges
that Reeves did not take any action when he complained about his
neighbor.  Gardner believes that "New England Housing purposely
placed [him] next to this guy to slow [him] down from filing in
Federal court since they knew [he] planned on doing so."  Id.
Gardner alleges that BHA, which held the lease, failed to
address the situation.  Gardner represents that he has been
homeless since he moved out of that apartment on May 15, 2020.
He represents that he "is sleeping better on the street than
[he] was in [his] leased residence."  Id.

Gardner states that, "[d]ue to the connectivity with [his]
Harvard/Tanna Wise concern, [he is] including New England Center

6

and Boston Authority as defendants." Id. Gardner seeks to hold

NECHV and BHA for the following "[f]ederal violations":

- Sections of 109 of the Housing and Community
  Development Act of 1974 and Title IX of Education
  Amendments of 1972 (due to the connection with Harvard
  Defendant's violation of Title IX Sex based
  discrimination[;]

- 42 U.S.C. 3601;

- Due Process: substantive & Procedural Due Process
  partiality, discriminatory treatment;

- 18 U.S.C. Code § 1001 (a) (1): Statements or entities
  generally (fraudulent claims, behavior).

Id. at 4.

**B.    Discussion**

Gardner has failed to state any claim upon which relief may

be granted.  While he makes allegations of various acts of

misconduct by the defendants, the Court cannot reasonably infer

that the defendants are liable under the laws on which Gardner

relies or under any other related theory of liability.  Gardner

makes conclusory allegations of liability without providing

sufficient supporting factual allegations.

**1.    Claims Against Harvard and the School of
         Continuing Education**

Gardner alleges that Harvard and the School of Continuing

Education violated his Fourteenth Amendment right to due process

and Title IX.  He also seeks to hold these defendants liable for

violating 18 U.S.C. §§ 241, 242, 1001, 1519, and 2261A.

### a.   Due Process Claim

Invoking Doe v. Perdue University, 928 F.3d 652 (7th Cir. 2019), Gardner claims that Harvard and its School of Continuing Education violated the Fourteenth Amendment by dismissing him without any due process, i.e., "not citing any specific violations and not providing [him] any notice or hearing to inquire why." Compl. at 6. Instead, he was "informed that he should contact the Secretary of the Administrative Board for Harvard University . . . about how to be reinstated if [he] desired to be." Id.[1]

The analysis of Doe v. Perdue University, 928 F.3d 652 (7th Cir. 2019), is not relevant to the School of Continuing Education's decision to administratively withdraw Gardner. The Fourteenth Amendment of the Constitution of the United States prohibits states from "depriv[ing] any person of live, liberty, or property, without due process of law." U.S. Const. amend. XIV. The "touchstone of due process is protection of the individual against arbitrary action of the government." County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998) (emphasis added) (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)). In Doe v. Perdue University, the Seventh Circuit considered

---

[1] Gardner does not indicate whether he contacted the Secretary of the Administrative Board for Harvard University to inquire about reinstatement.

whether the disciplinary procedure of a <u>public</u> university comported with due process requirements.  Because Harvard is a private university, its disciplinary procedure to not have to comport with constitutional requirements for due process.  <u>See</u> <u>Doe</u> v. <u>Trustees of Boston College</u>, 942 F.3d 527, 529 (1st Cir. 2019) ("It is quite clear, and the parties do not dispute, that federal due process law does not dictate to states the procedures by which its private colleges must follow in administering student discipline.").  Thus, Gardner has failed to state a claim for the violation of his right to due process.

### b.    Title IX

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a); <u>see also</u> <u>Gebser</u> v. <u>Lago Vista Indep. Sch. Dist.</u>, 524 U.S. 274, 281 (1998) (explaining that Title IX is enforceable through an implied private right of action).  Although Gardner alleges that he was excluded from participation in an education program which presumably receives federal financial assistance, he has not set forth any factual allegations from which the Court may reasonably infer that the exclusion was on the basis of sex.

Accordingly, he has not stated a cognizable claim under Title IX.[2]

### c.    Federal Criminal Statutes

Gardner seeks to hold Harvard and its Continuing School of Education liable under 18 U.S.C. §§ 241, 242, 1001, 1519, and 2261A.  These statutes criminalize certain conduct and permit the federal government to criminally prosecute individuals who engage in the prohibited conduct.  The statutes do not permit a private citizen to bring a civil lawsuit against someone who has violated these laws.

### 2.    Claims Against the New England Center and Home for Veterans and the Boston Housing Authority

#### a.    Section 109 of the Housing and Community Development Act of 1974

Section 109 of the Housing and Community Development Act of 1974, 42 U.S.C. § 5309, prohibits discrimination on the basis of race, color, national origin, religion or sex in any program funded through Chapter 69 of the Housing and Community Development Act.  This statute, however, does not provide a

---

[2] To the extent that Gardner's Title IX claim is premised on Harvard's alleged failure to address human trafficking of women, such claims fail for several reasons, including the fact that Gardner does not have standing to bring claims based on the injuries of other persons.  See Bingham v. Massachusetts, 616 F.3d 1, 5 (1st Cir. 2010).  Further, he does not have the right to represent anyone but himself.  See 28 U.S.C. § 1654; Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); Local Rule 83.5.5(b), D. Mass.

private right of action.  Instead, it provides for
administrative enforcement by the Secretary of Housing and Urban
Development.

An individual may have recourse for racial discrimination
in education under Title VI of the Civil Rights Act of 1964.
Under this law, "[n]o person in the United States shall, on the
ground of race, color, or national origin, be excluded from
participation in, be denied the benefits of, or be subjected to
discrimination under any program or activity receiving Federal
financial assistance." 42 U.S.C. § 2000d.  Although the statute
does not explicitly provide a private right of action, the
Supreme Court has held that Title VI has an implied right of
action.  See Alexander v. Sandoval, 532 U.S. 275, 279 (2001).
Notwithstanding, the availability of a private right of action
under Title VI does not help Gardner because he has not alleged
any facts suggesting that he was discriminated against on the
basis of his race, color, or national origin.[3]

                    b.   42 U.S.C. § 3601

Section 3601 of Title 42 of the United States Code reads,
in its entirety, "It is the policy of the United States to
provide, within constitutional limitations, for fair housing
throughout the United States." 42 U.S.C. § 3601.  This statute

----

[3] For present purposes, the Court assumes that NECHVA and BHA
receive federal financial assistance.

                             11

is a declaration of policy.  It does not provide a basis for an individual to bring a lawsuit.

>   c.   "Due Process: substantive & Procedural Due
>        Process partiality, discriminatory
>        treatment"

Any claim against NECHVA for a violation of due process fails as a matter of law because NECHVA is not a government actor.  As the Court explained above, the guarantee of due process only concerns government action.

BHA is a government actor, but Gardner has not alleged any facts from which the Court may reasonably infer that the agency deprived him of substantive or procedural due process.

>   d.   18 U.S.C. § 1001

As noted above, 18 U.S.C. § 1001 is a criminal statute that does not provide a private right of action.  Thus, Gardner cannot state a claim upon which relief can be granted based on a defendant's alleged violation of this statute.

>   3.   Request for Immediate Injunctive Relief

Because Gardner's complaint fails to state a claim upon which relief may be granted, the Court must DENY his request for immediate injunctive relief.

**III. Pending Motions**

Gardner has filed a motion to remove his address, phone number, and email address from the public docket (Docket Entry No. 8).  The motion is ALLOWED.

He has also filed a motion in which has asks to add a
defendant, leave to file electronically, and for the appointment
of counsel.  (Docket Entry No. 9).  The motion is DENIED without
prejudice insofar as Gardner seeks to add a defendant to the
original complaint.  The Court will order Gardner to file an
amended complaint, see infra, and Gardner may add a defendant in
that pleading if he so chooses.  The motion is also DENIED
without prejudice insofar as he seeks appointment of counsel.
Gardner may renew the motion if and when summonses have issued
and the defendants have responded.  The motion to file
electronically is GRANTED on the condition that Gardner fulfill
all training and usage requirements.

## IV.  Conclusion

For the reasons stated above, the Court hereby orders:

1.    The motion for leave to proceed in forma pauperis is
ALLOWED.

2.    Gardner's request within the complaint for immediate
injunctive relief is DENIED.

3.    If Gardner wishes to pursue this action, he must,
within thirty-five (35) days, file an amended complaint that
cures the pleading deficiencies discuss above.  Failure to
comply with this requirement will result in dismissal of this
action.

4.   Gardner's motion to remove his address, phone number, and email address from the public docket is ALLOWED.   The Clerk is directed to so amend the docket.

5.   Gardner's motion to add a defendant, file electronically, and have counsel appointed for him is ALLOWED in part and DENIED in part as set forth above.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: *Aug. 10, 2022*